UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MORIAH UNITED CORP.,

                      Plaintiff,

        - against -

STANLEY DANIELS,

                   Defendant.
-----------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
DEFAULT JUDGMENT**

07 Civ. 6735 (GEL)

STATE OF NEW YORK   )
                     :  ss.:
COUNTY OF NEW YORK )

        EDWARD L. BIRNBAUM, being duly sworn, deposes and says:

        1.     I am a member of the firm of Herzfeld & Rubin, P.C., attorneys for plaintiff in this action. I am fully familiar with the facts and circumstances set forth herein.

        2.     This Affidavit is submitted in support of plaintiff's Motion to enter a Default Judgment against defendant.

        3.     On July 26, 2007, Plaintiff filed the Summons and Complaint herein with the Clerk of the Court, copies of which are attached as Exhibit A.

        4.     As set forth in the affidavit of service, a copy of which is annexed as Exhibit B hereto, on August 2, 2007, the Summons and Complaint were served on defendant by delivery of true copies thereof to his wife, Arlene Daniels, at defendant's residence. Service was completed by the mailing of a copy of the Summons and Complaint to the defendant at his home address within 20 days of August 2, 2007. The affidavit of service was filed with the Clerk of the Court on August 13, 2007. See Exhibit C hereto.

5.    Thirty days have passed since the Summons and Complaint were served on the defendant, and to date the plaintiff has not yet received an answer.

6.    Following the service of the summons and complaint, I was contacted by Harry Issler, Esq., who advised that he was an attorney representing the defendant for the purpose of exploring settlement. I had several communications with Mr. Issler, in an unsuccessful effort to resolve this matter.

7.    As stated in the Complaint, plaintiff seeks to recover $1,000,000 in loan funds which defendant agreed to repay, together with interest, pursuant to two loan agreements. Copies of the first loan agreement and a modification thereof are annexed as Exhibits D and E, and a copy of the second loan agreement is annexed as Exhibit F. To reduce the burden on the Court, Exhibits to the loan agreements referred to therein have not been included, but are available for the Court's review if it so desires.

8.    Pursuant to the first loan agreement, made on or about October 6, 2005, and modified on or about November 15, 2006, defendant was obligated to make the following payments: (a) $500,000 principal sum of the loan to be repaid by February 6, 2007; (b) interim interest payments, each in the amount of $15,800, were to be made on November 18, 2006, December 18, 2006, and January 18, 2007; (c) a further interest payment was to be made by February 6, 2007 in the amount of $7,900 plus interest at the rate of 1.58% per month pro-rated from January 18, 2007 to February 6, 2007 or the date of repayment of the $500,000 principal; (d) an additional payment of $100,000 if the principal was not repaid by February 6, 2007; and (e) interest at the rate of 3.5% per month on the amount of any of the foregoing payments not timely made.

2

9.      As further stated in the complaint, pursuant to the terms of the second loan agreement, made on or about April 12, 2006, (a) the $500,000 principal amount of the loan was to be repaid in 12 months; (b) interest was payable monthly at a rate of 1.58% per month; and (c) interest was payable on the balance unpaid after 12 months at a rate of 3.5% per month.

10.     As stated in the complaint, the $500,000 principal of the first loan was not repaid by February 6, 2007 and has not since been repaid.

11.     In addition, none of the payments required by the amendment to the first loan agreement to be made after November 15, 2006 were made.

12.     As a result, the following amounts are due from defendant to plaintiff pursuant to the first loan agreement:

| | | | |
|---|---|---|---|
| (a) | Principal of | | $500,000 |
| (b) | Three interest payments of $15,800 | | $ 47,400 |
| (c) | $7,900 plus interest on $500,000 at the rate of 1.58% per month from January 18, 2007 to February 6, 2007 | | $ 13,166.67 |
| (d) | | | $100,000 |
| (e) | Interest at the rate of 3.5% per month to date on: | | |
| | (i)   $15,800 from November 18, 2006 | $ 5,880.23 | |
| | (ii)  $15,800 from December 18, 2006 | $ 5,327.23 | |
| | (iii) $15,800 from January 18, 2007 | $ 4,737.37 | |
| | (iv) The sum specified in subparagraph (c) above, from February 6, 2007 | $ 3,655.94 | |
| | (v)  $500,000 from February 6, 2007 | $ 138,833.33 | $ 158,434.10 |
| **Total due pursuant to first loan agreement:** | | | **$819,000.77** |

13.     As stated in the complaint, the $500,000 principal of the second loan was not repaid by April 12, 2007 and has not since been repaid.

14.     As a result, there is due to plaintiff from defendant pursuant to the second loan agreement the sum of $500,000 plus interest at the rate of 3.5% per month to date from April 12, 2007 for a total of $ 601,500.

15.     The total sum owed by defendant to plaintiff pursuant to both loan agreements, for which judgment should be entered, is $ 1,420,500.77.

16.     The sum owed is documented by the loan agreements. As a result, an inquest is not required because the claimed amount is "liquidated or susceptible to mathematical calculation." *Gaglio v. Silverman* (*In re Suprema Specialties, Inc.*), 330 B.R. 40, 54 (S.D.N.Y. 2005).

17.     Annexed hereto as Exhibit G is a proposed judgment in the amount specified in paragraph 15 above.

18.     Annexed hereto as Exhibit H is a certificate from the Clerk of the Court stating that no answer has been filed.

Based on the foregoing, plaintiff respectfully requests that its application for a default judgment be granted.

_____
EDWARD L. BIRNBAUM

Sworn to before me this
2nd day of October, 2007

_____
Notary Public

Natalie Lefkowitz
Notary Public, State of New York
No. 01LE5032736
Qualified in Richmond County
Commission Expires August 29, 2010

4

# EXHIBIT

# "A"

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

MORIAH UNITED CORP.,

Plaintiff,

v.

STANLEY DANIELS,

Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: **'07 CIV 6735**

**JUDGE LYNCH**

TO: (Name and address of Defendant)

Stanley Daniels
2435 Bedford Street
Stanford, Connecticut 06905

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address:

Herzfeld & Rubin, P.C.
40 Wall Street
New York, New York 10005

an answer to the complaint which is served on you with this summons, within <u>twenty</u> days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    JUL 2 6 2007
_____          _____
CLERK                                                          DATE

_____
(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MORIAH UNITED CORP.,

                                        Plaintiff,

              -against-

STANLEY DANIELS,

                                        Defendant.
-------------------------------------------------------X



Index No. 07 CIV 6735

COMPLAINT



JUL 2 6 2007

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by its attorneys, Herzfeld & Rubin, P.C., for its complaint against

defendant Stanley Daniels ("Daniels"), alleges upon information and belief as follows:

      1.    Plaintiff is a corporation incorporated under the laws of the State of

Delaware, with its principal place of business in New York, New York.

      2.    Daniels is an individual who, upon information and belief, is a

citizen of the State of Connecticut.

      3.    This Court has jurisdiction over this action pursuant to 28 U.S.C.

§1332, in that the parties are of diverse citizenship and the amount in controversy

exceeds $75,000.

      4.    On or about October 6, 2005, Plaintiff entered into a "Loan

Agreement" with Daniels, Michael Boraks ("Boraks") and O.M.G. Financial, LLC

("O.M.G.") (collectively, "Borrowers"), pursuant to which Plaintiff agreed to lend to the

Borrowers the sum of $500,000 for a period of 12 months, with interest payable monthly

at a rate of 1.58% per month.

5.     This agreement provided that in the event the Borrowers failed to repay the principal amount of the loan and accrued interest at the end of the loan period, the Borrowers would pay interest thereafter at the rate of 3.5% per month.

6.     Plaintiff disbursed to the Borrowers $500,000 pursuant to the October, 2005 Loan Agreement.

7.     No part of the $500,000 principal of the October, 2005 Loan was repaid at the end of the 12-month loan period.

8.     On or about November 15, 2006 Plaintiff, Boraks and Daniels entered into a written agreement modifying the October 2005 Loan Agreement, whereby Daniels and Boraks agreed to:

(a)     repay to Plaintiff the $500,000 principal sum of the loan by February 6, 2007;

(b)     make interest payments of $15,800 on November 18, 2006, December 18, 2006, and January 18, 2007;

(c)     pay by February 6, 2007 interest of $7,900 plus interest at the contractual rate of 1.58% per month pro-rated from January 18, 2006 to February 6, 2007 or the date of repayment of the $500,000 principal amount;

(d)     make an additional payment of $100,000 if the principal was not paid by February 6, 2000; and

(e)     pay interest at the rate of 3.5% on any of the sums specified in the November 15, 2006 modification not paid in timely fashion.

2

9.    The principal amount of the loan made pursuant to the October, 2005 Loan Agreement was not repaid by February 6, 2007 and has not since been repaid.

10.    None of the other payments specified in paragraph 8 above have been made.

11.    On or about April 12, 2006, Plaintiff entered into a second Loan Agreement with the Borrowers pursuant to which Plaintiff agreed to lend to the Borrowers an additional $500,000, for a period of 12 months with interest payable monthly at a rate of 1.58% per month.

12.    The April 2006 Loan Agreement, like the October 2005 Loan Agreement, provided that in the event the Borrowers failed to repay the principal amount of the loan and accrued interest at the end of the loan period, the Borrowers would pay interest thereafter at the rate of 3.5% per month.

13.    Plaintiff disbursed to the Borrowers $500,000 pursuant to the April, 2006 Loan Agreement.

14.    No part of the $500,000 principal balance of the Loan made pursuant to the April, 2006 Loan Agreement was paid at the end of the 12-month loan period, and no part of said principal, nor any payment of interest, has since been made.

WHEREFORE, Plaintiff is entitled to judgment in the amount of $1,000,000 (the total principal balance of the two loans identified above), plus interest in

accordance with the Loan Agreements, together with costs and disbursements and

such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     July 26, 2007

                  HERZFELD & RUBIN, P.C.

By:  _____
       EDWARD L. BIRNBAUM  (EB8761)
       Attorneys for Plaintiff
       40 Wall Street
       New York, New York  10005
       (212) 471-8500

4

# EXHIBIT

# "B"

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
                                            Index No. 07-CIV-6735

---

MORIAH UNITED CORP.
                                                        , Plaintiff(s)
                            - against -

STANLEY DANIELS
                                                        , Defendant(s)

---

State of Connecticut    )
                        )  SS.:
County of Hartford      )

### AFFIDAVIT OF SERVICE

Eric Rubin being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of Connecticut. That on 08/02/2007 at  1:36 PM at:
        2435 BEDFORD STREET
        UNIT 13A
        STANFORD CT 06905
Deponent served the:

SUMMONS IN A CIVIL ACTION
COMPLAINT
upon STANLEY DANIELS,
by delivering true copies to:
Arlene Daniels, Spouse
who stated that they were authorized to accept service on behalf of:
STANLEY DANIELS.

Within 20 days of such service, deponent enclosed a copy of same in a first
class postpaid envelope properly addressed to recipient at:
        STANLEY DANIELS
        2435 BEDFORD STREET
        UNIT 13A
        STANFORD CT 06905
and deposited said envelope in an official depository under the exclusive
care and custody of the U.S. Postal Service within Connecticut State. The
envelope bore the legend "PERSONAL & CONFIDENTIAL" and did not
indicate by return address or otherwise that the communication was from an
attorney or concerned an action against the recipient.

To the best of my knowledge, based on information and belief, the said
recipient at the time of service was not engaged in the military service
of the United States or Connecticut. Recipient wore ordinary
civilian clothing and no military uniform.

Deponent describes the individual served as follows:
AGE: 55 HEIGHT: 5'5''   WEIGHT: 115    HAIR: BROWN    RACE: WHITE    SEX: FEMALE
OTHER: Glasses

                                    _____
                                    Eric Rubin            License #NONE

SWORN TO BEFORE ME _August 3, 2007         OUR DOC# 18856
                                           Herzfeld & Rubin, P.C.
                                           40 Wall Street, 52nd Floor
                                           New York NY 10005
My Commission Expires:  7/31/08            212-471-8500
                                           42556.002

# EXHIBIT

## "C"

ECF

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:07-cv-06735-GEL

Moriah United Corp. v. Daniels                    Date Filed: 07/26/2007
Assigned to: Judge Gerard E. Lynch               Jury Demand: None
Demand: $1,000,000                               Nature of Suit: 190 Contract: Other
Cause: 28:1332 Diversity-Other Contract          Jurisdiction: Diversity

**Plaintiff**

**Moriah United Corp.**              represented by **Edward L Birnbaum**
                                     Herzfeld & Rubin, P.C.
                                     40 Wall Street
                                     New York, NY 10005
                                     212-471-8500
                                     Fax: 212-344-3333
                                     Email: ebirnbaum@herzfeld-rubin.com
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Stanley Daniels**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2007 | 1 | COMPLAINT against Stanley Daniels. (Filing Fee $ 350.00, Receipt Number 622298)Document filed by Moriah United Corp.(tro) (Entered: 07/30/2007) |
| 07/26/2007 | | SUMMONS ISSUED as to Stanley Daniels. (tro) (Entered: 07/30/2007) |
| 07/26/2007 | | Magistrate Judge Theodore H. Katz is so designated. (tro) (Entered: 07/30/2007) |
| 07/26/2007 | | Case Designated ECF. (tro) (Entered: 07/30/2007) |
| 07/26/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Moriah United Corp.(tro) (Entered: 07/30/2007) |
| 08/13/2007 | 3 | AFFIDAVIT OF SERVICE. Stanley Daniels served on 8/2/2007, answer due 8/22/2007. Service was accepted by Arlene Daniels. Service was made by Mail. Document filed by Moriah United Corp.. (Crum, Charles) (Entered: 08/13/2007) |

# EXHIBIT "D"

## LOAN AGREEMENT

Made and entered into in Manhattan New York, this 6th day of October 2005, by and between **Moriah United Corp.,** a company incorporated under the laws of the State of Delaware, USA, which address for the purpose of this Agreement shall be C/O Ms. Anna Dalla Val of 40 Wall Street, New York, NY 10005 (**"the Lender"**) and between (i) **Mr. Michael Boraks** Israeli I.D. number 6190458; whos address for the purpose of this Agreemenmt is 29n Zahal st, Zichron Yaakov and (ii) **O.M.G. Financial, LLC.,** whose saddlers for the purpose of this agreement, is at 60 Long Ridge Road, Suite 206, Stanford, CT 06902; and (iii) **Mr.. Stanley Daniels** whos address is: 2435 Bedford St Stamford, CT 06905, USA (jointly and severally - **"the Borrower"**)

WHEREAS The Lender has agreed to make a loan to the Borrower in the manner and subject to the terms described herein;

1.    **THE LOAN**

1.1    The Lender hereby agrees to lend to the Borrower the total amount of five hundreds US Dollars (US $ 500,000) (the **"Principal Amount"**) for a period of 12 months, commencing upon receipt of the Principal Amount by the Borrower and – subject to Sections 1.2, 2.3 and 3.5 below - terminating not later than 12 month thereafter (the **"Loan Period"**), with interest accrued thereon at the **net** rate of 1.58% per month (the Principal Amount and the interest accrued thereon, hereinafter **"the Loan"**).

1.2    Notwithstanding the provision of Section 1.1 above, regarding the Loan Period, the Borrower is entitled to shorten the Loan Period, subject only to a prior written and certified notice of not less than 30 days.

2.    **INTEREST and ADDITIONAL PAYMENTS**

2.1    The Borrower will pay the Lender interest upon the Loan, at a **net** rate of one point five eight per-cent (1.58%) per month.

2.2    The interest will be paid on the 18th day of each month (**"Interest Payment Day"**) for the period commences upon receipt of the Principal Amount by the Borrower or – as the case may be – from the last interest payment.

2.3    In the event that the Borrower fails to pay the interest until 15 days after the relevant Interest Payment Day, the Loan Period shall be terminated forthwith and the Borrower shall repay the Loan (the Principle Amount and the interest accrued thereon) immediately in full.

2.4    Any payment from the Borrower to the Lender under this Agreement (inter alia: on account of the Principle Amount repayment, the Interest, and/or any additional payments etc.)

2.4.1    Shall be made in US Dollars;

2.4.2    Shall be made to the Lender's Bank Account with such bankers as shall be informed by the Lender, from time to time;

2.4.3    Shall be made **net**, i.e. after all deductions at source, - so far as and to the extent that such are applicable to the Lender - were paid by the Borrower and on the Borrower's sole account (i.e.: to cause Lender's account to be credited with net net amount of US $ 7,900 per month (adjustments may be required per the first and last months of the Loan Period)).

2

3.    **AVAILABILITY**

3.1    Subject to the actual registration of the Securities refer to in Section 4 below the Loan shall be available to the Borrower for the purpose of lending it, by the Borrower, to Universal Financial Solutions LLC., Which, in its turn, shall lend it to Aviva Medical Imaging, P.C.; Williamsbridge Radiology & Open Imaging, P.C.; and Robert Scott Schepp, MD, under the terms and conditions and subject to the securities, which are stipulated in the following instruments: which are attached to this Agreement and constitute an integral part thereof:

3.1.1    Loan Agreement between O.M.G. Financial LLC., and Universal Financial Solutions LLC., marked as **Exhibit "A"**;

3.1.2    Contingent Assignment Agreement between O.M.G. Financial LLC., and Universal Financial Solutions LLC., marked as **Exhibit "B"**;

3.1.3    Loan Agreement between Universal Financial Solutions LLC., and Aviva Medical Imaging, P.C.; Williamsbridge Radiology & Open Imaging, P.C.; and Robert Scott Schepp, MD marked as **Exhibit "C"**;

3.1.4    Guaranty by Aviva Medical Imaging, P.C.; Williamsbridge Radiology & Open Imaging, P.C.; and Robert Scott Schepp, MD marked as **Exhibit "D"**;

3.1.5    Promissory Note by Aviva Medical Imaging, P.C.; Williamsbridge Radiology & Open Imaging, P.C.; and Robert Scott Schepp, MD marked as **Exhibit "E"**;

3.2    the Loan shall be available to the Borrower by remitting the Principal Amount to the Borrower bank account, as follows:
(nbound) ABA # 021000021
Account # 7355822565
OMG Financial LLC
Bank J.P. Morgan - Chase bank
37 HIGH Ridge Road
Stamford, Ct 06905

3.3    At the end of the Loan Period according to Sec. 1.2 or Sec 2.3 above or Sec. 3.5 below, the Loan and the Interest accrued thereon shall be repaid by the Borrower to the Lender.

3.4    **In the event that the Borrower fails to repay the Loan (Principal Amount and the Interest accrued thereon) at the end of the Loan Period, the Borrower will pay to the Lender interest upon the Loan, for the period commencing at the end of the Loan Period, at an accumulative rate of three and a half percent (3.5%) per month, without derogating from the Lender rights to any other lawful remedies.**

3.5    Notwithstanding the above, in the occurrence of one or more of the following, the Lender may, by written notice to the Borrower, terminate the Loan Period forthwith. In such case the Loan Period shall be terminated immediately upon issuing the above-mentioned written notice and the Loan (Principal amount and the Interest accrued there on) shall become immediately due and payable from the Borrower to the Lender:

3.5.1    The Borrower fails to pay the interest and/or the Principal;

3.5.2    The Borrower (or any of the Borrower's individuals) is declared bankrupt, or makes any voluntary arrangements with its creditors or becomes subject to or involved with any insolvency or bankruptcy procedures at all anywhere in the world.

3

"Insolvency or Liquidation Proceeding" means (i) any insolvency or bankruptcy case or proceedings, or any receivership, receivership and managership, liquidation, reorganization or other similar case or proceeding, relative to the Borrower, and/or any shareholder in the Borrower, or to their respective assets, including without limitation, any proceedings whereby or under which a receiver or receiver and manager is appointed in respect of any part of the property of any such person, or (ii) any liquidation, dissolution, reorganization or winding up of the Borrower, whether voluntary or involuntary and whether or not involving insolvency or bankruptcy, or (iii) any assignment for the benefit of creditors or any other marshaling of assets and liabilities of the Borrower;

3.5.3 The Borrower commits a breach of a fundamental term of this Agreement; for the purpose of this Agreement, any resolution, act or omission by the Borrower, contrary to the Borrower's representations and/or undertakings in Section 4 bellow shall be deemed as the Borrower's breach of a fundamental term of this Agreement;

3.5.4 The Borrower has made any resolution, act or omission, which, to the absolute discretion of the Lender, (i) changes and/or caused any deviation from the representations in Section 4 bellow and/or (ii) render the Borrower undertakings contained therein impracticable and/or (iii) is likely to impede the soundness of any security;

3.5.5 The Borrower (or any of the Borrower's individuals) (i) becomes insolvent or suspends its business operations, (ii) files a petition for bankruptcy, or a petition seeking reorganization or arrangement or for the appointment of a receiver or liquidator (including interlocutory appointment of such), or any such petition is filed against it and is not revoked or struck down within ninety (90) days, or (iii) makes an assignment for the benefit of creditors or a composition with creditors or takes any similar action, and such event is not cured within ninety (90) days;

## 4. SECURITIES

The following securities are designated to secure all outstanding undertakings of the Borrower or any of the Borrower's individuals, whether such undertakings are originated in this Agreement or in any other agreements.

4.1 The Borrower declare and undertakes, that all the instruments which are attached as Exhibits "A" to "E" are duly signed and executed by their parties. The Borrower hereby irrevocably assign and transfer to the Lender, all of the Borrower rights towards Financial Solutions LLC., and Aviva Medical Imaging, P.C.; and Williamsbridge Radiology & Open Imaging, P.C.; and Robert Scott Schepp, MD according to **Exhibits "A" to "E"**. This assignment shall be registered by the Borrower as a first degree pledge in favor of the Lender.

4.2 The due registration of the above mentioned first degree pledge is condition precedent to the Lender's undertaking to advance the Principal Amount to the Borrower.

4.3 The Borrower further declare and undertake that O.M.G. Financial, LLC is and shall remain until the full repayment of the Loan and the Interest accrued thereon:

4.3.1 O.M.G. Financial, LLC Duly organized under the laws of Conecticut USA, validly existing and in good standing under the laws of the state of its incorporation and has the power and authority to carry on its business as it is now being conducts and to own, operate and lease its properties and assets, and has all material licenses and permits necessary to conduct its business;

4

4.3.2  Mr. Michael Boraks is the sole share holder of O.M.G. Financial, LLC;

4.3.3  The Borrower is not in default under any indenture, mortgage, deed of trust, agreement or other instrument to which it is party or by which it or any of its assets may be bound.

4.3.4  There are no suits, proceedings or investigations pending or, to the Borrower's knowledge, threatened against the Borrower by any person or governmental authority which, individually or in the aggregate, if determined adversely, would have a material adverse effect on it, its business, operation or assets.

4.3.5  O.M.G. Financial, LLC shall refrain from any resolution, which might, directly or indirectly, cause a dilution of Mr. Michael Boraks in the O.M.G. Financial, LLC.

4.3.6  O.M.G. Financial, LLC's non-issued shares are, and shall remain until the full repayment of the Loan and the Interest accrued thereon, free of any lien, debt, pledge, attachment and any other rights or claims of any third party;

4.3.7  O.M.G. Financial, LLC's assets, whether tangible or intangible, are, and shall remain until the full repayment of the Loan and the Interest accrued thereon, free of any lien, debt, pledge, attachment and any other rights or claims of any third party

4.3.8  O.M.G. Financial, LLC shall not create or incur any new indebtedness or create or grant any new or additional undertakings, pledge, security interest or other lien upon any of its assets or properties, if such is material to its business, financial condition or results of operation, without the prior approval of the Lender.

5.   **WARRANTIES**

The Borrower hereby warrants to the Lender that:

5.1  That the Borrower has the full right and power to receive from the Lender the Loan as provided herein; that the same has been duly authorized by its board of directors or other applicable organ thereof, as the case may be; that upon execution and delivery this Agreement shall be fully enforceable against the Borrower in accordance with the terms hereof; and that neither the execution and delivery nor the performance of this Agreement will violate any statute, regulation or contract to which the Borrower is subject or by which it is bound;

5.2  This Agreement is enforceable on each of the individuals comprising the Borrower as if either of them is and intended to be a sole borrower. Therefore , this Agreement is enforceable to its full extent on each of the individuals even if due to any reason what so ever it is not enforceable on any or all other individuals of the Borrower.

5.3  No consent, approval, order, authorization of, or registration, qualification or filing with, any governmental authority or any other party is required on the part of Borrower in connection with the execution and delivery of this Agreement, the granting of the security interest granted herein, and the performance and consummation of the transactions contemplated hereby, other than such consents that have been obtained.

5.4  It is not bankrupt or committed any act of indicative or insolvency in any jurisdiction that he resides or conducts it's business.

5.5  The execution and delivery of this Agreement and compliance with the provisions hereof shall not violate any provision of law applicable to Borrower nor shall the same conflict with or result in a breach of any of the terms, conditions or provisions of, or result in the breach of, any indenture, mortgage, agreement or

5

other instrument to which the Borrower and/or each of the Borrower's individuals or any of their assets may be bound, or result in the creation or imposition of any lien upon any of their assets.

## 6.    NATURE OF AGREEMENT

6.1    The preamble to this Agreement and the Exhibits attached thereto constitutes an integral part of this Agreement.

6.2    This Agreement is personal to the Borrower who may not, without the written consent of the Lender, assign, mortgage, charge or dispose of any of it's rights hereunder or subcontract or otherwise delegate any of his obligations hereunder.

6.3    This Agreement contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all previous agreements and understandings between the parties with respect thereto and may not be modified except by an instrument in writing signed by or on behalf of the parties.

6.4    Waiver of Breach: the observance of any term of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively), only in writing and only with the previous written consent of the Parties to this Agreement.

6.5    No waiver or failure to act with respect to any breach or default hereunder, whether or not the other party has notice thereof, shall be deemed to be a waiver with respect to any subsequent breach or default, whether of similar or different nature.

6.6    Titles and Subtitles. The titles and subtitles herein are for convenience only and are not to be considered in construing or interpreting this Agreement.

## 7.    NOTICE AND SERVICE

7.1    Any notice or other information required or authorized by this Agreement shall be in writing and shall be given by either party to the other sent, by pre-paid, registered mail to the other party at the address referred to in the preamble to this Agreement.

7.2    Any notice or other information given by pre-paid registered mail shall be deemed to have been given on the fifth (5) day after the envelope containing the same was so posted; and proof that the envelope containing the same was so posted, properly addressed, pre-paid, registered and posted, shall be conclusive evidence that such notice or information has been duly given.

## 8.    GOVERNING LAW AND JURISDICTION

8.1    This Agreement shall be governed by and construed in all respects in accordance with the laws of the State of New York, without regard to its rules on conflicts of laws and the Borrower hereby submits to the non-exclusive jurisdiction of the courts of New York or any other jurisdiction as the Lender may choose.

8.2    Borrower agrees that in any action or proceeding brought on or in connection with this Agreement (i) the Supreme Court of the State of New York for the Country of New York, or (in case involving diversity of citizenship) the United states District Court of the Southern District of New York, shall have jurisdiction of any such action or proceeding, (ii) service of any summons and complaint or other process in any such action or proceeding may be made by Lender upon Borrower by registered or certified mail directed to Borrower at its address referenced above, Borrower is hereby waiving, personal service thereof, and (iii) within thirty (30) days after receipt of such mailing Borrower shall appear or answer to any summons and

6

complaint or other process, and should Borrower fail to appear to answer within said thirty (30) day period, it shall be deemed in default and judgment may be entered by Lender against Borrower for the amount as demanded in any summons or complaint or other process so served.

8.3  <u>WAIVER OF THE RIGHT TO TRIAL BY JURY</u>: BORROWER AND, BY ITS ACCEPTANCE HEREOF, LENDER, HEREBY IRREVOCABLY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM, OR COUNTERCLAIM, WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, IN ANY MANNER CONNECTED WITH THIS NOTE OR ANY TRANSACTIONS HEREUNDER. NO OFFICER OF LENDER HAS AUTHORITY TO WAIVE, CONDITION, OR MODIFY THIS PROVISION.

IN WITNESS whereof the parties hereto have here unto sat their hands and seal this day and year first before written.



_____          _____          _____
Moriah United Corp.                Mr. Michael Boraks    O.M.G. Financial, LLC    Mr.. Stanley Daniels
The Lender                                    The Borrower

STATE OF FLORIDA:
COUNTY OF
    MIAMI DADE:
        On the 18th Day of November, 2005,
before me personally appeared:
(i) Michael Boraks, who is personally
known to me; and (ii) Stanley Daniels,
who produced Cellphone Driver License
No. A597 6202 as identification;
who acknowledged to me that they
executed the entire instrument.



JOSEPH SIEVER
MY COMMISSION # DD 220322
EXPIRES: June 8, 2007
Bonded Thru Notary Public Underwriters

# EXHIBIT

## "E"

New York Nov. 15, 2006

# Jumeirah
### ESSEX HOUSE

160 Central Park South, New York, NY 10019
Tel +1 (212) 247 0300, Fax +1 (212) 315 1839
www.jumeirah.com

Meeting with Zvi William
Stanly Daniels Michael Borah

It has agreed that:

1. Payment of interest Nov. 18 $15,800

2. Paymt of interest Dec. 18 $15,800

3. Paymt of interest Jan. 18 15,800

4. No later than Feb. 6 paymat of $500,000 will be made

5. No later then Feb 6 paymat of $7,900 + interest from Jan 18 to Feb. 6 or date of paymat of $500,000.

6. If all above paymeat are paid on time Moriah United will credit 3.5% which has been paid.

PAID ✓
PAID ✓
PAID ✓

# Jumeirah
## ESSEX HOUSE

160 Central Park South, New York, NY 10019
Tel: +1 (212) 247 0300, Fax: +1 (212) 315 1839
www.jumeirah.com

In case ~~payment~~ any of the above payment is not on
time 3.5% will be charged

If the Feb. 6 is not paid
on time there will be a
additional payment of $700.00
as penalty.

Payment of April 12 will
be ~~done~~ paid on time.

_Michel Boraks_

_Stanley Daniels_

# EXHIBIT
# "F"

# LOAN AGREEMENT

Made and entered into in Manhattan New York, this 12th day of April 2006, by and between **Moriah United Corp.**, a company incorporated under the laws of the State of Delaware, USA, which address for the purpose of this Agreement shall be C/O Ms. Anna Dalla Val of 40 Wall Street, New York, NY 10005 ("**the Lender**") and between (i) Mr. **Michael Boraks** Israeli I.D. number 6190458; whos address for the purpose of this Agreenenmt is 29n Zahal st, Zichron Yaakov and (ii) **O.M.G. Financial, LLC.**, whose saddlers for the purpose of this agreement, is at 60 Long Ridge Road, Suite 206, Stanford, CT 06902; and (iii) Mr.. **Stanley Daniels** whos address is: 2435 Bedford St Stamford, CT 06905, USA (jointly and severally - "**the Borrower**")

WHEREAS The Lender has agreed to make a loan to the Borrower in the manner and subject to the terms described herein;

1.   **THE LOAN**

1.1   The Lender hereby agrees to lend to the Borrower the total amount of five hundred thousand US Dollars (US\$ 500,000) (the "**Principal Amount**") for a period of 12 months, commencing on April 18th 2006 and – subject to Sections 1.2, 2.3 and 3.5 below - terminating not later than April 18th 2007 (the "**Loan Period**"), with interest accrued thereon at the **net** rate of 1.58% per month (the Principal Amount and the interest accrued thereon, hereinafter "**the Loan**").

1.2   Notwithstanding the provision of Section 1.1 above, regarding the Loan Period, the Borrower is entitled to shorten the Loan Period, subject only to a prior written and certified notice of not less than 30 days.

2.   **INTEREST and ADDITIONAL PAYMENTS**

2.1   The Borrower will pay the Lender interest upon the Loan, at a net rate of one point five eight per-cent (1.58%) per month.

2.2   The interest will be paid on the 18th day of each month ("**Interest Payment Day**") for the period commences upon receipt of the Principal Amount by the Borrower or – as the case may be – from the last interest payment. To remove any doubts, the first Interest Payment Day shall be on the 18th day of may 2006.

2.3   In the event that the Borrower fails to pay the interest until 15 days after the relevant Interest Payment Day, the Loan Period shall be terminated forthwith and the Borrower shall repay the Loan (the Principle Amount and the interest accrued thereon) immediately in full.

2.4   Any payment from the Borrower to the Lender under this Agreement (inter alia: on account of the Principle Amount repayment, the Interest, and/or any additional payments etc.)

2.4.1   Shall be made in US Dollars;

2

2.4.2   Shall be made to the Lender's Bank Account number 150934, with the United Mizrahi Bank (Schweiz) AG or with other bankers as shall be informed by the Lender, from time to time;

2.4.3   Shall be made <u>net</u>, i.e. after all deductions at source, - so far as and to the extent that such are applicable to the Lender - were paid by the Borrower and on the Borrower's sole account.

To remove any doubts (i) it is the Borrower undertaking to cause Lender's account to be credited with USD 7,900 per month (adjustments may be required per the first and last months of the Loan Period); and (ii) only such amount payable to the tax authorities as deduction at source shall be paid by the Borrower (on top of the Borrower undertaking to remit the net amount of US$ 7,900 per month to the Lender's account).

2.4.4   This obligation of the Borrower is limited only to deduction at source. With regard to all other tax aspects, "each entity will pay its own taxes".

3.   **AVAILABILITY**

3.1   Subject to the actual registration of the Securities refer to in Section 4 below the Loan shall be available to the Borrower for the purpose of lending it, by the Borrower, to Universal Financial Solutions LLC., Which. in its turn, shall lend it to Be Well Medical Seervices Inc., under the terms and conditions and subject to the securities, which are stipulated in the following instruments, which are attached to this Agreement and constitute an integral part thereof:

3.1.1   Loan Agreement between O.M.G. Financial LLC., and Universal Financial Solutions LLC., marked as **Exhibit "A"**;

3.1.2   Loan Agreement between Universal Financial Solutions LLC., and Be Well Medical Seervices Inc., marked as **Exhibit "B"**;

3.1.3   Contingent Assignment Agreement between Universal Financial Solutions LLC., and O.M.G. Financial LLC., marked as **Exhibit "C"**;

3.1.4   Contingent Assignment Agreement between O.M.G. Financial LLC. and Moriah United Corp. marked as **Exhibit "D"**;

3.1.5   Guaranty by Mr. Damian Gonzalez and Mr. Felipe Ruiz, marked as **Exhibit "E"**;

3.1.6   Promissory Note by Be Well Medical Services Inc. and Mr. Damian Gonzalez and Mr. Felipe Ruiz, marked as **Exhibit "F"**;

3.2   As per the Borrower instruction, the Loan shall be available to the Borrower by remitting the Principal Amount to. OMG Financial LLC's bank account no. 005496601296, with Bank Of America 3900 S. Ocean Drive, Hollywood, FL 33019, ABA # 026009593.

3

3.3    At the end of the Loan Period according to Sec. 1.2 or Sec 2.3 above or Sec. 3.5 below, the Loan and the Interest accrued thereon shall be repaid by the Borrower to the Lender.

3.4    In the event that the Borrower fails to repay the Loan (Principal Amount and the Interest accrued thereon) at the end of the Loan Period, the Borrower will pay to the Lender interest upon the Loan, for the period commencing at the end of the Loan Period, at an accumulative rate of three and a half per-cent (3.5%) per month, without derogating from the Lender rights to any other lawful remedies.

3.5    Notwithstanding the above, in the occurrence of one or more of the following, the Lender may, by written notice to the Borrower, terminate the Loan Period forthwith. In such case the Loan Period shall be terminated immediately upon issuing the above-mentioned written notice and the Loan (Principal amount and the Interest accrued there on) shall become immediately due and payable from the Borrower to the Lender:

   3.5.1    The Borrower fails to pay the interest and/or the Principal;

   3.5.2    The Borrower (or any of the Borrower's individuals) is declared bankrupt, or makes any voluntary arrangements with its creditors or becomes subject to or involved with any insolvency or bankruptcy procedures at all anywhere in the world.

   "Insolvency or Liquidation Proceeding" means (i) any insolvency or bankruptcy case or proceedings, or any receivership, receivership and managership, liquidation, reorganization or other similar case or proceeding, relative to the Borrower, and/or any shareholder in the Borrower, or to their respective assets, including without limitation, any proceedings whereby or under which a receiver or receiver and manager is appointed in respect of any part of the property of any such person, or (ii) any liquidation, dissolution, reorganization or winding up of the Borrower, whether voluntary or involuntary and whether or not involving insolvency or bankruptcy, or (iii) any assignment for the benefit of creditors or any other marshaling of assets and liabilities of the Borrower;

   3.5.3    The Borrower commits a breach of a fundamental term of this Agreement; for the purpose of this Agreement, any resolution, act or omission by the Borrower, contrary to the Borrower's representations and/or undertakings in Section 4 bellow shall be deemed as the Borrower's breach of a fundamental term of this Agreement;

   3.5.4    The Borrower has made any resolution, act or omission, which, to the absolute discretion of the Lender, changes and/or caused any deviation from the representations in Section 4 bellow and/or , to the absolute discretion of

4

the Lender, render the Borrower undertakings contained therein impracticable or, to the absolute discretion of the Lender, is likely to impede the soundness of any security;

3.5.5   The Borrower (or any of the Borrower's individuals) (i) becomes insolvent or suspends its business operations, (ii) files a petition for bankruptcy, or a petition seeking reorganization or arrangement or for the appointment of a receiver or liquidator (including interlocutory appointment of such), or any such petition is filed against it and is not revoked or struck down within ninety (90) days, or (iii) makes an assignment for the benefit of creditors or a composition with creditors or takes any similar action, and such event is not cured within ninety (90) days;

## 4.   SECURITIES

The following securities are designated to secure all outstanding undertakings of the Borrower or any of the Borrower's individuals, whether such undertakings are originated in this Agreement or in any other agreements.

4.1   The Borrower declare and undertakes, that all the instruments which are attached as Exhibits "A" to "F" are duly signed and executed by their parties. The Borrower hereby irrevocably assign and transfer to the Lender, all of the Borrower's rights towards Financial Solutions LLC.; Be Well Medical Seervices Inc., Mr. Damian Gonzalez and Mr. Felipe Ruiz, according to **Exhibits "A" to "F"**. This assignment shall be registered by the Borrower as a first degree pledge in favor of the Lender.

4.2   The due registration of the above mentioned first degree pledge is condition precedent to the Lender's undertaking to make the Principal Amount available to the Borrower.

4.3   The Borrower further declare and undertake that O.M.G. Financial, LLC is and shall remain until the full repayment of the Loan and the Interest accrued thereon:

4.3.1   A company duly organized under the laws of Conecticut USA, validly existing and in good standing under the laws of the state of its incorporation and has the power and authority to carry on its business as it is now being conducts and to own, operate and lease its properties and assets, and has all material licenses and permits necessary to conduct its business;

4.3.2   Mr. Michael Boraks is the sole share holder of O.M.G. Financial, LLC;

4.3.3   The Borrower is not in default under any indenture, mortgage, deed of trust, agreement or other instrument to which it is party or by which it or any of its assets may be bound.

4.3.4   There are no suits, proceedings or investigations pending or, to the Borrower's knowledge, threatened against the Borrower by any person or governmental

5

authority which, individually or in the aggregate, if determined adversely, would have a material adverse effect on it, its business, operation or assets.

4.3.5   O.M.G. Financial, LLC shall refrain from any resolution, which might, directly or indirectly, cause a dilution of Mr. Michael Boraks in the O.M.G. Financial, LLC.

4.3.6   O.M.G. Financial, LLC's non-issued shares are, and shall remain until the full repayment of the Loan and the Interest accrued thereon, free of any lien, debt, pledge, attachment and any other rights or claims of any third party;

4.3.7   O.M.G. Financial, LLC's assets, whether tangible or intangible, are, and shall remain until the full repayment of the Loan and the Interest accrued thereon, free of any lien, debt, pledge, attachment and any other rights or claims of any third party

4.3.8   O.M.G. Financial, LLC shall not create or incur any new indebtedness or create or grant any new or additional undertakings, pledge, security interest or other lien upon any of its assets or properties, if such is material to its business, financial condition or results of operation, without the prior approval of the Lender.

5.   **WARRANTIES**

The Borrower hereby warrants to the Lender that:

5.1   That the Borrower has the full right and power to receive from the Lender the Loan as provided herein; that the same has been duly authorized by its board of directors or other applicable organ thereof, as the case may be; that upon execution and delivery this Agreement shall be fully enforceable against the Borrower in accordance with the terms hereof; and that neither the execution and delivery nor the performance of this Agreement will violate any statute, regulation or contract to which the Borrower is subject or by which it is bound;

5.2   This Agreement is enforceable on each of the individuals comprising the Borrower as if either of them is and intended to be a sole borrower. Therefore , this Agreement is enforceable to its full extent on each of the individuals even if due to any reason what so ever it is not enforceable on any or all other individuals of the Borrower.

5.3   No consent, approval, order, authorization of, or registration, qualification or filing with, any governmental authority or any other party is required on the part of Borrower in connection with the execution and delivery of this Agreement, the granting of the security interest granted herein, and the performance and consummation of the transactions contemplated hereby, other than such consents that have been obtained.

6

5.4    It is not bankrupt or committed any act of indicative or insolvency in any jurisdiction that he resides or conducts it's business.

5.5    The execution and delivery of this Agreement and compliance with the provisions hereof shall not violate any provision of law applicable to Borrower nor shall the same conflict with or result in a breach of any of the terms, conditions or provisions of, or result in the breach of, any indenture, mortgage, agreement or other instrument to which the Borrower and/or each of the Borrower's individuals or any of their assets may be bound, or result in the creation or imposition of any lien upon any of their assets.

## 6.    NATURE OF AGREEMENT

6.1    The preamble to this Agreement and the Exhibits attached thereto constitutes an integral part of this Agreement.

6.2    This Agreement is personal to the Borrower who may not, without the written consent of the Lender, assign, mortgage, charge or dispose of any of it's rights hereunder or subcontract or otherwise delegate any of his obligations hereunder.

6.3    This Agreement contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all previous agreements and understandings between the parties with respect thereto and may not be modified except by an instrument in writing signed by or on behalf of the parties.

6.4    Waiver of Breach: the observance of any term of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively), only in writing and only with the previous written consent of the Parties to this Agreement.

6.5    No waiver or failure to act with respect to any breach or default hereunder, whether or not the other party has notice thereof, shall be deemed to be a waiver with respect to any subsequent breach or default, whether of similar or different nature.

6.6    Titles and Subtitles. The titles and subtitles herein are for convenience only and are not to be considered in construing or interpreting this Agreement.

## 7.    NOTICE AND SERVICE

7.1    Any notice or other information required or authorized by this Agreement shall be in writing and shall be given by either party to the other sent, by pre-paid, registered mail to the other party at the address referred to in the preamble to this Agreement.

7.2    Any notice or other information given by pre-paid registered mail shall be deemed to have been given on the fifth (5) day after the envelope containing the same was so posted; and proof that the envelope containing the same was so posted, properly addressed, pre-paid, registered and posted, shall be conclusive evidence that such notice or information has been duly given.

7

## 8.    GOVERNING LAW AND JURISDICTION

8.1     This Agreement shall be governed by and construed in all respects in accordance with the laws of the State of New York, without regard to its rules on conflicts of laws and the Borrower hereby submits to the non-exclusive jurisdiction of the courts of New York or any other jurisdiction as the Lender may choose.

8.2     Borrower agrees that in any action or proceeding brought on or in connection with this Agreement (i)  the Supreme Court of the State of New York for the County of New York, or (in case involving diversity of citizenship) the United states District Court of the Southern District of New York, shall have jurisdiction of any such action or proceeding, (ii) service of any summons and complaint or other process in any such action or proceeding may be made by Lender upon Borrower by registered or certified mail directed to Borrower at its address referenced above, Borrower is hereby waiving, personal service thereof, and (iii) within thirty (30) days after receipt of such mailing Borrower shall appear or answer to any summons and complaint or other process, and should Borrower fail to appear to answer within said thirty (30) day period, it shall be deemed in default and judgment may be entered by Lender against Borrower for the amount as demanded in any summons or complaint or other process so served.

8.3     WAIVER OF THE RIGHT TO TRIAL BY JURY: BORROWER AND, BY ITS ACCEPTANCE HEREOF, LENDER, HEREBY IRREVOCABLY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM, OR COUNTERCLAIM, WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, IN ANY MANNER CONNECTED WITH THIS NOTE OR ANY TRANSACTIONS HEREUNDER. NO OFFICER OF LENDER HAS AUTHORITY TO WAIVE, CONDITION, OR MODIFY THIS PROVISION.

IN WITNESS whereof the parties hereto have here unto set their hands and seal this day and year first before written.

| | |
|---|---|
| Moriah United Corp. | Mr. Michael Boraks    O.M.G. Financial, LLC    Mr.. Stanley Daniels |
| The Lender | The Borrower |

ERICK RIVERA
MY COMMISSION # DD 506356
EXPIRES: February 3, 2010
Bonded Thru Budget Notary Services

MATTHEW LLOYD Brovender JE
Commissioner OF THE Court

# EXHIBIT
## "G"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MORIAH UNITED CORP.,

                    Plaintiff,           **DEFAULT JUDGMENT**

       - against -                07 Civ. 6735 (GEL)

STANLEY DANIELS,

                    Defendant.

-----------------------------------------------------------------X

        This action having been commenced on July 26, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendant, STANLEY DANIELS, by delivering a copy to his spouse at the Defendant's residence, and a subsequent mailing, by first class mail to the Defendant's residence, and proof of service having been filed on August 13, 2007, and the Defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

        ORDERED, ADJUDGED AND DECREED that the plaintiff have judgment against the defendant in accordance with the loan agreements between the parties (i) in the liquidated amount of $ 819,000.77, consisting of:

| | | |
|---|---|---|
| (a) | Principal of | $500,000 |
| (b) | Three interest payments of $15,800 | $ 47,400 |
| (c) | $7,900 plus interest on $500,000 at the rate of 1.58% per month from January 18, 2007 to February 6, 2007 | $ 13,166.67 |
| (d) | | $100,000 |

(e)    Interest at the rate of 3.5% per month to October 2, 2007 on:

    (i)   $15,800 from November 18, 2006    $ 5,880.23

    (ii)  $15,800 from December 18, 2006    $ 5,327.23

    (iii) $15,800 from January 18, 2007    $ 4,737.37

    (iv)  The sum specified in subparagraph (c)
          above, from February 6, 2007    $ 3,655.94

    (v)   $500,000 from February 6, 2007    $ 138,833.33    $ 158,434.10

**Total:**    **$819,000.77**; and

(ii) in a second liquidated amount of $601,500, consisting of principal of $500,000, plus interest at the

rate of 3.5% per month from April 12, 2007 of $101,500;

totaling in all $1,420,500.77.

Dated:    New York, New York
           October ___, 2007

 

_____
           U.S.D.J.


This document was entered on the docket on

_____.

2

# EXHIBIT
# "H"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORIAH UNITED CORP.,

                Plaintiff,

      -against-

STANLEY DANIELS,

            Defendant

07 Civ.6735 (GEL)

**CLERK'S CERTIFICATE**

---

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on July 26, 2007 with the filing

of a summons and complaint, a copy of the summons and complaint was served on defendant by

serving a copy on his wife, Arlene Daniels on August 2, 2007 and then mailing a copy.

I further certify that the docket entries indicate that the defendant has not filed an answer or

otherwise moved with respect to the complaint herein.  The default of the defendant is hereby noted.

Dated:  New York, New York
       September  2 6  , 2007

                          **J. MICHAEL MCMAHON**
                            Clerk of the Court

By:_____
                     Deputy Clerk.